UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUHAMMAD EJAZ SIAL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AT&T SERVICES, INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. C18-0458JLR<br><br>ORDER ON MOTIONS TO DISMISS AND MOTION TO REMAND |

## I.　INTRODUCTION

Before the court are three motions: (1) Defendant Jie McKnight's motion to dismiss (MTD (Dkt. # 11)); (2) Plaintiff Muhammad Ejaz Sial's motion to remand (MTR (Dkt. # 15)); and (3) Mr. Sial's motion to voluntarily dismiss his Title VII employment claims (MTD (Dkt. # 20)). The court has considered the motions, the parties' submissions in support of and in opposition to the motions, the relevant portions of the

//

//

ORDER - 1

record, and the applicable law. Being fully advised,[1] the court grants Mr. Sial's motion for voluntary dismissal, grants his motion to remand, and denies as moot Ms. McKnight's motion to dismiss for the reasons set forth below.

## II. BACKGROUND

This case arises from Mr. Sial's contract employment with Defendant AT&T Services, Inc. ("AT&T").[2] (*See* Compl. (Dkt. # 1) ¶ 1.1.) Mr. Sial worked as a contractor for Mobile Integration Workgroup ("MIW") from February 2013, through February 2015. (*Id.* ¶ 4.3.) MIW placed Mr. Sial at AT&T where he was Lead Architect. (*Id.*) Mr. Sial performed his work at AT&T facilities under Ms. McKnight's supervision. (*Id.*)

According to Mr. Sial, throughout 2013 and 2014, Ms. McKnight told him that he was a "top performer" and offered him permanent employment at AT&T. (*Id.* ¶ 4.4; *see also id.* ¶ 4.7.) In December 2014, Mr. Sial requested leave to take care of his infant and wife in February and March of 2015. (*Id.* ¶ 4.5.) Ms. McKnight told Mr. Sial he could work remotely during that time period. (*Id.*) Mr. Sial alleges that throughout December 2014 and January 2015, he worked on "assigned tasks" while the other members of his team "were out of the office." (*Id.* ¶ 4.6.)

//

---

[1] No party requests oral argument (*see* MTD at 1; MTR at 1; MVD at 1), and the court determines that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court refers collectively to Ms. McKnight and AT&T as "Defendants."

In early February 2015, Mr. Sial reminded Ms. McKnight that he would be working remotely, and Ms. McKnight said that he "could not work remotely and would, instead, be given the entire time off." (*Id.* ¶ 4.8.) Mr. Sial then met with Ms. McKnight to "offer[] to change his scheduled plans to accommodate [Ms.] McKnight's wishes." (*Id.* ¶ 4.9.) Mr. Sial alleges that Ms. McKnight "screamed and yelled at [him] during this conversation, causing [him] emotional distress." (*Id.*)

Mr. Sial alleges that despite the fact that no one ever complained about his performance, MIW terminated him at AT&T's request on February 20, 2015. (*Id.* ¶¶ 4.10, 4.12.) After his termination, Mr. Sial applied for and accepted several other contract jobs at AT&T's facilities, but each time, he was ultimately barred from returning to work there. (*See id.* ¶¶ 4.13-4.23.)

Mr. Sial is an Asian man of Pakistani origin. (*Id.* ¶ 4.2.) He alleges that Ms. McKnight made culturally insensitive remarks on at least one occasion. (*Id.* ¶ 4.4.) Mr. Sial alleges that he was treated differently than his co-workers because he was not allowed to work remotely as they had done. (*Id.* ¶ 4.11.) He further alleges that Defendants "placed a permanent block on [Mr. Sial's] ability to work for . . . AT&T or any of its partners because of [Mr. Sial's] status as a male, Asian, Pakistani who had taken medical leave while working as a contractor for AT&T." (*Id.* ¶ 4.17.)

Based on the foregoing allegations, Mr. Sial brings claims against AT&T for gender, race, and national original discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq.*, (*id.* ¶¶ 5.1-5.4); "violation of public

policy" (*id.* ¶¶ 5.5-5.8); negligent supervision and retention (*id.* ¶¶ 5.15-5.18); outrage (*id.* ¶¶ 5.19-5.22); negligent infliction of emotional distress (*id.* ¶¶ 5.23-5.25); and breach of contract (*id.* ¶¶ 5.26-5.29). Against Ms. McKnight, Mr. Sial brings claims of intentional interference with business expectancy (*id.* ¶¶ 5.9-5.14); outrage (*id.* ¶¶ 5.19-5.22); and negligent infliction of emotional distress (*id.* ¶¶ 5.23-5.25).

On March 23, 2018, AT&T removed this case from state court. (Not. of Rem. (Dkt. # 2).) Ms. McKnight then moved to dismiss the claims against her for failure to state a claim. (*See* MTD (citing Fed. R. Civ. P. 12(b)(6)).) Three days after Ms. McKnight filed her motion, Mr. Sial attempted to voluntarily dismiss his federal Title VII claims. (*See* Not. (Dkt. # 14) (citing Fed. R. Civ. P. 41(a)(1)(A)(i)).) Based on that purported dismissal of his only federal claims, he moves to remand the case to state court. (*See* MTR.) Because Defendants respond that Mr. Sial could not voluntarily dismiss the Title VII claims because AT&T has already answered the complaint (*see* MTR Resp. (Dkt. # 18)), Mr. Sial moves to voluntarily dismiss those claims with prejudice (*see* MVD). The court now addresses the parties' motions.

### III. ANALYSIS

**A. Voluntary Dismissal**

The court first addresses voluntary dismissal of the Title VII claims. Federal Rule of Civil Procedure 41(a)(1)(A)(i) states that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that

the court considers proper." Fed. R. Civ. P. 41(a)(2). Because AT&T answered Mr. Sial's complaint on April 4, 2018—over 20 days before Mr. Sial's notice of voluntary dismissal—Mr. Sial could not dismiss his Title VII claims without a court order. (*See* Answer (Dkt. # 6); Not.); Fed. R. Civ. P. 41(a)(1)(A)(i). Thus, the court considers whether to grant Mr. Sial's motion to dismiss those claims with prejudice. (*See* MVD.)

Mr. Sial contends that AT&T will not suffer any prejudice from the dismissal of the Title VII claims, particularly because AT&T denies that Mr. Sial is entitled to any relief on that basis. (*Id*. at 1-2.) "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (internal footnote omitted). The court discerns no plain legal prejudice from dismissal, nor do Defendants identify any prejudice they would suffer. (*See* Dkt.) Accordingly, the court grants Mr. Sial's motion and dismisses his Title VII claims with prejudice.

**B.    Remand**

Having dismissed the federal claims, the court considers Mr. Sial's motion to remand, which concerns the court's subject matter jurisdiction. (*See* MFR at 2.) Mr. Sial argues that the court has no subject matter jurisdiction after dismissal of the federal claims. (*Id.*) Defendants disagree and urge the court to exercise supplemental jurisdiction over the remaining state law claims. (*See* MTR Resp. at 4.)

The court has supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution."). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).

The court may, however, decline to exercise supplemental jurisdiction over state law claims when the court has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, "[t]here is a strong preference in the Ninth Circuit for declining to exercise supplemental jurisdiction once the federal claim is dismissed." *Wallace v. Smith & Smith Constr., Inc.*, 65 F. Supp. 2d 1121, 1123 (D. Or. 1999) (citing *Danner v. Himmelfarb*, 858 F.2d 515, 523 (9th Cir. 1988)) (declining to exercise supplemental jurisdiction over state law claims after dismissing the plaintiff's Title VII claims); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). "[V]alues of economy, convenience, fairness, and comity" inform the court's discretion in deciding whether to exercise supplemental jurisdiction over the remaining state law claims. *See Acri*, 114 F.3d at 1001.

The court declines to exercise supplemental jurisdiction over Mr. Sial's state law claims. The court has not yet addressed those claims, issued a scheduling order, or ruled

on any substantive motions, so judicial economy would not be served by retaining jurisdiction in the early stages of litigation. (*See* Dkt.); *Otto v. Heckler*, 802 F.2d 337, 338 (9th Cir. 1986) ("The district court . . . has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction, or if it should more properly dismiss the claims without prejudice." (internal citation omitted)); *Patterson v. Two Fingers LLC*, No. CV-15-00494-PHX-NVW, 2015 WL 4537469, at *3 (D. Ariz. July 27, 2015) (stating that retaining jurisdiction would "not promote judicial economy or convenience" because the case "began only four months ago, and the court has not yet issued a scheduling order or ruled on any substantive motions"). In addition, "the lack of any urgency associated with trial preparation ensures that [remand] of the state claims . . . will not compromise any general interest in judicial economy, convenience, fairness, and comity." *La Fontaine v. Vollucci*, No. CV 10-7797-GW(SSx), 2012 WL 13005844, at *2 (C.D. Cal. July 2, 2012). Lastly, principles of comity counsel in favor of allowing Washington courts to adjudicate Washington law. (*See* MTR at 2); *Patterson*, 2015 WL 4537469, at *3; *Pittman v. Cedars-Sinai Med. Ctr.*, No. 2:14-cv-07857-SVW-FFM, 2015 WL 13604251, at *2 (C.D. Cal. Aug. 21, 2015) (stating that although the remaining state law claims were "not necessarily complex," those claims "now predominate what remains of the case"); *Almgren v. Shultz*, No. C 16-2611 CW, 2016 WL 5815889, at *2 (N.D. Cal. Oct. 5, 2016) ("Because only state law claims remain, comity strongly favors dismissal.").

Defendants' arguments in favor of the court retaining jurisdiction do not outweigh those factors. (MTR Resp. at 3-4.) Defendants contend that if the court remands, Ms.

McKnight will have to refile her motion to dismiss, and if the state court grants that motion, AT&T will then remove the case to federal court on the basis of diversity jurisdiction. (*Id.* at 4.) Although some efficiency might be gained by retaining jurisdiction, that relatively minor efficiency—especially given its contingent nature—does not obviate the judicial economy and comity concerns outlined above. *Cf. Patterson*, 2015 WL 4537469, at *3 ("A concern for 'fairness' does not require an exemption for all the normal burdens of litigation."). And most importantly, "remand will not impair [Defendants'] rights." *Newman v. Stanford Health Care*, No. 16-cv-01131-BLF, 2016 WL 6393516, at *1 (N.D. Cal. Oct. 28, 2016).

Nor does Defendants' contention that Mr. Sial is engaging in forum-shopping warrant a different conclusion. Even if it is "obvious" that Mr. Sial seeks "to avoid the [c]ourt's ruling" on Ms. McKnight's motion (MTR Resp. at 4), "the Ninth Circuit has treated a plaintiff's decision to eliminate his federal causes of action upon removal as a tactical decision, rather than one manipulating the forum," *Kisaka v. Univ. of S. Cal.*, No. CV 17-01746 BRO (MRWx), 2017 WL 1960636, at *4 (C.D. Cal. May 11, 2017) (citing *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995)); *see also Carnegie-Mellon*, 484 U.S. at 357; *Hubbard v. Blue Shield of Cal.*, No. C 05-2169 SBA, 2005 WL 2437047, at *2 (N.D. Cal. Oct. 3, 2005) (stating that forum-shopping is only one factor for consideration).

//

//

//

Because the court declines to exercise supplemental jurisdiction over the state law claims, the court grants Mr. Sial's motion to remand.[3] Consequently, the court denies as moot Ms. McKnight's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the motion for voluntary dismissal with prejudice (Dkt. # 20), DISMISSES Mr. Sial's Title VII claims with prejudice, DECLINES to exercise supplemental jurisdiction over the remaining state law claims, GRANTS the motion to remand (Dkt. # 15), and DENIES the motion to dismiss as moot (Dkt. # 11). The court ORDERS that:

1. All further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk shall send copies of this order to all counsel of record for all parties;

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk for the Superior Court for King County, Washington;

4. The Clerk shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington;

//

---

[3] In removal actions, district courts that have declined to exercise supplemental jurisdiction have remanded the state law claims to state court rather than dismissed those claims. *See, e.g.*, *McConnell v. Genetech, Inc.*, No. C 11-4976 SBA, 2012 WL 851190, at *2 (N.D. Cal. Mar. 13, 2012) (declining to retain supplemental jurisdiction and remanding to the state court); *Wellisch v. Penn. Higher Educ. Assistance Agency*, No. 17-cv-00213-BLF, 2018 WL 2463088, at *3 (N.D. Cal. June 1, 2018) (same); *Newman*, 2016 WL 6393516, at *1 (same).

5. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

6. The Clerk shall CLOSE this case.

Dated this 10th day of July, 2018.

JAMES L. ROBART
United States District Judge